**MIDDLE ATLANTIC UTILITIES CO.,**
**Plaintiff,**

v.

**S.M.W. DEVELOPMENT CORP., Sullivan County Land & Development Corp. and J. Ballay & Co., Inc., Defendants.**

United States District Court
S. D. New York.
April 6, 1965.

Levin & Weissman, New York City, for plaintiff.

Stroock & Stroock & Lavan, New York City, for defendant S.M.W. Development Corp.

William H. Arkin, New York City, for defendant J. Ballay & Co., Inc.

BONSAL, District Judge.

Plaintiff, Middle Atlantic Utilities Co., as "assignee" of Rock Hill Sewerage Disposal Corp. (Rock Hill), has instituted this action against S.M.W. Development Corp. and J. Ballay & Co., Inc., seeking to collect sewer rates alleged to be due to Rock Hill on building plots owned by the defendants, pursuant to a resolution adopted by the Town Board of the Town of Thompson, Sullivan County, New York, on or about October 22, 1960. Plaintiff moves for summary judgment and for the striking of the answer of the defendant J. Ballay & Co., Inc.; and the defendant S.M.W. Development Corp. moves for summary judgment dismissing the complaint against it. The resolution of the Town Board of the Town of Thompson provides as follows:

> "WHEREAS, the Town Board of the Town of Thompson has previously formed a Sewer District covering a development known as the Lake Louise Marie Development, and

> "WHEREAS, since that time, the said sewer system and sewer plant have been completed in accordance with plans and specifications previously approved by the New York State Board of Health, and

> "WHEREAS, since the formation of the aforesaid Sewer District, the Laws of the State of New York have been amended to provide for the ownership in operation of sewer systems by private corporations pursuant to Chapter 1067 of the Laws of 1960, and

> "WHEREAS, a Petition has been presented to the Town Board of the Town of Thompson requesting the consent of the Town to the formation of a private sewer corporation to be known as the Rock Hill Sewerage Disposal Corporation and also

that the Town of Thompson approve an annual sewerage charge of $60.00 for each building plot, and further requesting that in the event of the establishment of a legally constituted private sewer corporation, that the Town of Thompson dissolve the Sewer District previously formed.

"NOW, THEREFORE, BE IT RESOLVED:

"1. That the Town of Thompson does hereby consent to the formation of a private sewer corporation to be known and owned under the name of Rock Hill Sewerage Disposal Corporation.

"2. That the Town of Thompson consent that the corporation may charge $60.00 per year for each building plot and determines that said charge would be fair and reasonable.

"3. That the consent herein shall be subject to the approval of the New York State Board of Health and shall also be consistent in all respects with Chapter 1067 of the Laws of 1960 of the State of New York.

"4. When all of the conditions and approvals herein required are complied with, the Town Board of the Town of Thompson hereby determines to dissolve the Sewer District heretofore formed for the area known as Lake Louise Marie."

The issues here presented are whether the annual rate of $60 per year for each building plot applies to all unimproved plots or whether it applies only to those plots which are connected with the sewer system, and, if the former, whether the resolution is valid under the enabling legislation, Chapter 1067 of the New York Laws of 1960 (N.Y. Transportation Corporations Law, Art. 10, § 115 et seq.). Plaintiff urges that it is clear that the resolution applies to all building plots, whether or not connected, and the defendants urge with equal conviction that the resolution applies only to building plots which are connected to the Rock Hill sewerage facilities.

To assist the Court in this peculiarly local problem, the parties discuss, in their briefs, the policy of the State of New York with regard to water pollution and the organization of sewer corporations, and each cites various opinions of the Comptroller of New York which they believe to favor their respective positions, although neither of the parties felt it necessary to seek an opinion of the Comptroller General of New York to assist the Court in this case.

The issues here presented are clearly ones which should be determined in the New York courts. No Federal question has been suggested. However, the plaintiff, who appears to have taken an assignment of the rights of Rock Hill in return for providing financing to that company, brings the controversy into this Court by way of diversity of citizenship. Such intrusion by the Federal Court in peculiarly local New York problems is made with great reluctance and because the parties offer the Court no choice.

Section 121 of the N.Y. Transportation Corporations Law provides that a sewerage disposal corporation shall supply each town wherein it operates, and the inhabitants thereof, with facilities for the removal, treatment and disposal of sewerage at fair, reasonable and adequate rates agreed to between the corporation and the local governing body. In referring to fair, reasonable and adequate rates, it would appear that the Legislature in enacting Section 121 had in mind the charging of rates for services to be furnished by the sewerage disposal corporation. Such a construction would appear to be consistent with the earlier sections of the Transportation Corporations Law, which deal with gas and electric corporations, telegraph and telephone corporations, waterworks corporations, omnibus corporations, ferry corporations, pipeline corporations, freight terminal corporations, and district steam corporations.

The resolution of the Town of Thompson, above set forth, provides in paragraph 3 that its consent to the charge of $60 a year shall be consistent in all

respects with the statutory authority (Chapter 1067 of the Laws of 1960 of the State of New York). It would appear that no services are rendered or offered to an inhabitant of the Town unless his building plot is either connected to the sewer system or the sewer line has been installed adjacent to his building plot so that it is available for connection. It may be that the Town resolution, by reference to the enabling statute, was intended to be so limited, but this point cannot be determined on the papers before the Court. Indeed, the Town resolution fails to define what it means by a building plot, nor does it give any basis for its finding that a flat charge of $60 per building plot is fair and reasonable. No distinction is made between building plots in areas which are zoned for business purposes or for multifamily occupancy or for single dwelling occupancy, and it is difficult to perceive how a flat $60 annual rate could be fair, reasonable and adequate regardless of the purpose for which the building plot is dedicated.

The Court finds no support for plaintiff's contention that the mere existence of sewer facilities in the Town of Thompson enhances the value of all building plots so as to justify the $60 charge, and, indeed, this would seem to be contrary to the statute with respect to building plots as to which no services are either furnished or available.

Finally, the parties are in dispute because of an alleged contract entered into on March 23, 1961 between Rock Hill and the defendant S.M.W., which allegedly contains a waiver of sewerage charges with respect to the unimproved land owned by the defendant S.M.W. Plaintiff contends that this contract has been breached, so that this clause is no longer in effect. This again raises issues of fact which would have to be determined before judgment can be entered.

There are obviously many issues of fact which will have to be resolved, and indeed the trial judge may well find it desirable to appoint a Special Master to take testimony to determine, among other things, whether the flat $60 charge per building plot is fair, reasonable and adequate under the statute; to determine whether "building plot" in the resolution means a building plot to which sewerage services are supplied or available; to determine what is meant by "building plot"—whether it is any subdivision of land in private ownership regardless of size, or whether it means a plot shown on the tax map of the Town or on a subdivision map filed by a real estate developer; and to determine whether the sewerage facilities at Rock Hill are connected with the building plots of the defendants or are available for such connection.

In view of the foregoing, plaintiff's motion for summary judgment and to strike the answer of J. Ballay & Co., Inc., and defendant S.M.W. Development Corp.'s motion for summary judgment, are both denied.

It is so ordered.